IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALACHI BRITTINGHAM, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) C.A. No. 20-014 (MN) |
| | ) |
| CPL. NUNN, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM OPINION**

Malachi Brittingham, Howard R. Young Correctional Institution, Wilmington, Delaware.  Pro Se Plaintiff.

May 12, 2020
Wilmington, Delaware


**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Malachi Brittingham ("Plaintiff"), a pretrial detainee[1] at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[2] (D.I. 1). The Court considers Docket Items 1, 6, 10, 11, and 16 as the operative pleading.[3] Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 15, 25). Plaintiff has also filed requests for counsel (D.I. 5, 8, 23), motions for injunctive relief (D.I. 7, 24), and motions to stay the proceedings (D.I. 9, 22, 27). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The Court liberally construes the operative pleading[4] as attempting to raise: (1) slander, harassment, and false report claims against Defendants Cpl. Nunn ("Nunn"), C/O Mansfield ("Mansfield"), and C/O Jones ("Jones"); (2) sexual harassment claims against Mansfield: (3) retaliation; (4) a legal mail claim against Nunn; (5) denial of commissary; and (6) improper

---

[1] It appears that Plaintiff is a pretrial detainee; not a sentenced inmate. *See Brittingham v. Akinbayo*, C.A. No. 20-190-MN (D. Del. 2020).

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] Docket Item 10 makes a jury demand. The Court considers Docket Item 16 as a supplement to the complaint – not a motion – and will deny the motion as moot.

[4] Normally the Court would cite to particular pages in describing a plaintiff's claim. Because the allegations are dispersed over so many filings, however, the Court will summarize the claims and cite to the docket item, but not to a page.

treatment or denial of medical and mental health care against Medical and Mental Health Departments.[5]

Plaintiff alleges he was constantly harassed by Nunn and another officer on January 17, 2019, and he responded with non-verbal threats or physical threats. (D.I. 16). On May 27, 2019, Plaintiff was housed on psychiatric close observation. (*Id*.). Although not clear, it seems that Plaintiff alleges Nunn harassed female employees and made comments about Plaintiff. (*Id*.). He alleges that Nunn's "sociopathic seeds were growing," and he refers to conversations with Nunn, a look on Nunn's face, and comments Nunn made about him. (*Id*.).

Plaintiff alleges that he called the PREA (*i.e.*, Prison Rape Elimination Act) hotline three times. (D.I. 1). Plaintiff alleges that he was sexually harassed by Mansfield on October 20, 2019, and made a PREA report on Mansfield on the same day. (D.I. 1, 6). He alleges retaliation occurred following the report when his cellmate, who was placed in his cell to counter the PREA report, was moved from the cell less than 23 hours later. (*Id*.). He also alleges retaliation also took place on November 7, 2019, when a "make shift weapon" was found in his belongings. (*Id*.). Plaintiff first believed the weapon had been placed in his cell by another inmate, and then alleges that it is "possible" that the weapon was planted by the inmate at the direction of staff in retaliation for the PREA report he lodged against Mansfield. (*Id*.).

Plaintiff alleges that on November 11, 2019, Mansfield would not provide him toilet paper and then made statements about him to "everyone." (D.I. 6). Next, Plaintiff alleges that on November 29, 2019, Mansfield received some of Plaintiff's writing concerning another inmate by

---

[5]  It may be that Plaintiff attempts to raise other claims, given his many complaints. It is not clear if some information is provided as background or if they are claims seeking relief. Therefore, the Court will address the obvious claims.

mistake and would not return the writings to Plaintiff. (D.I. 1, 6). Five days later, unnamed correctional officers slandered Plaintiff through false reports. (D.I. 1).

Plaintiff alleges that during the month of October 2019, Jones would come around his cell and make comments about him and attempt to influence staff. (D.I. 6). Plaintiff alleges that on December 5, 6, and 12, Jones made fictitious statements about Plaintiff. (*Id*.).

Plaintiff alleges that on December 30, 2019, he handed legal mail to Nunn and does not believe that all of it was mailed based upon the sizes of envelopes that he later saw Nunn holding. (D.I. 1, 6, 16). The legal mailings Plaintiff believed had not been mailed, included those received by this Court.

Plaintiff refers to cell checks during the latter part of December 2019 and beginning of January 2019. (D.I. 6). Although not clear, he seems to allege that a female officer was uncomfortable about him and that she "played him" when she took up for another male staff's wrong doing. (*Id*.).

Plaintiff alleges that on January 9, 2020, Jones told Plaintiff he would be let out first for recreation but Jones let him out last. (D.I. 6). He alleges that on January 10, 2020, Jones entered his cell while he was trying to sleep and when in front of the door made a comment about Plaintiff. (*Id*). Plaintiff alleges that Jones also made comments about him on January 14, 2020. (*Id*.).

Plaintiff alleges that on January 11, 2020, a female officer invited a "frameup" to place Plaintiff in a negative situation and speculates it was based on animosity with regards to Nunn. (D.I. 6). Plaintiff also refers to issues he had with a bank check, the amounts allowed for inmate accounts, and that it would take a while for the check to clear. (*Id*.). Plaintiff appears to allege that he has not been allowed to use the commissary since October 2019. (*Id*.). It is not clear if

3

this is related to the issue with the bank check. He posits that because it may take a while for the check to clear, this may be retaliatory. (D.I. 16).

On February 3, 2020, Plaintiff saw Nunn exit his cell, and when Plaintiff entered his cell he discovered that his legal documents were scattered throughout the cell. (D.I. 16). After Plaintiff submitted a grievance regarding the matter, Nunn returned to Plaintiff's cell and called him a name. (*Id*.).

Finally, Plaintiff alleges that he is not receiving the proper medical and mental health treatment. (D.I. 1). He refers to a 2019 misdiagnosis of schizophrenia and a later evaluation of traumatic brain injury ("TBI") and post-traumatic stress disorder ("PTSD"). (*Id.*). Plaintiff alleges that mental health believes he is faking, refuses to treat him, and has administered him incorrect medication. (*Id*.). He also alleges that he is not being treated for the TBI or the PTSD. (D.I. 6). Plaintiff seeks compensatory damages and medical treatment. (D.I. 11, 16).

## III. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be

4

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, __ F.3d. __, No. 19-1684, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 2020 WL 1982194, at *4 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.     DISCUSSION

### A.     Slander/Harassment/False Reports

Plaintiff alleges he has been slandered (or defamed – apparently through false reports[6]) and verbally harassed. Verbal abuse or harassment is not actionable under 42 U.S.C. § 1983.

---

[6] It does not appear from the allegations that by "false reports" Plaintiff meant false disciplinary charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges).

6

*See Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009). In addition, "federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Hence, Plaintiff "cannot plead a slander claim as a § 1983 claim because it is not cognizable under § 1983." *Page v. Doyle*, No. CV 18-609, 2018 WL 2976374, at *3 (E.D. Pa. June 12, 2018) (citing *Boyanowski*, 215 F.3d at 401). *See also Karolski v. City of Aliquippa*, No. CV 15-1001, 2016 WL 7404551, at *7 (W.D. Pa. Dec. 22, 2016) (noting that, "[b]ecause there is no federal constitutional right to reputation," "violations of state law, including defamation, are insufficient to state a claim under § 1983") (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1468 (3d Cir. 1992)).

Therefore, the foregoing claims are legally frivolous and will be dismissed.

**B.     Sexual Harassment**

Plaintiff alleges that after he was sexually harassed by Mansfield, he filed a PREA report. Allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983 so long as two elements are met. *See Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 414 (7th Cir. 1997); *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997); *Freitas v. Ault*, 109 F.3d 1335, 1338-39 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). The objective element requires severe or repetitive sexual abuse of an inmate by a prison officer. *Robinson v. Danberg*, 729 F. Supp. 2d 666, 686 (D. Del. 2010) (citation omitted). The subjective element is whether the official had a sufficiently culpable state of mind. *Id*. (citation omitted).

Plaintiff's bald allegations of sexual harassment, without more, fail to state a claim. Therefore, the claim will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will be given leave to amend this claim.

### C. Retaliation

Plaintiff alleges retaliation occurred after he filed the PREA complaint when his cellmate was removed from the cell, when another inmate planted a weapon in his cell or "possibly" the inmate planted the weapon in his cell at the direction of unnamed staff, and when it took some time for his check to clear for commissary privileges. In order to establish a retaliation claim Plaintiff must allege that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected activity was a substantial or motivating factor in the decision to discipline him. *See Watson v. Rozum*, 834 F.3d 417, 420 (3d Cir. 2016).

Plaintiff alleges the first element of a retaliation claim by filing a PREA report. Although he alleges his cellmate was removed and that a weapon was planted in his cell, the Complaint does not indicate what state actor is responsible for the alleged retaliatory acts. In addition, Plaintiff is not certain that the length of time it took for his check to clear is even retaliatory.[7] As a result, the claim is deficiently pleaded. It will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will be given leave to amend the claim.

### D. Legal Mail

Plaintiff alleges that he handed his legal mail to Nunn and does not believe that Nunn placed all of it in the mail based upon the size of the envelopes he later saw in Nunn's possession. The assertion that legal mail is intentionally opened and read, delayed for an inordinate period of time, or stolen states a First Amendment claim. *McLeod v. Monmouth Cty. Corr. Inst.*, No. CIV.A. 05-4710, 2006 WL 572346, at *3 (D.N.J. Mar. 8, 2006) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996)). However, "[a] single interference with the delivery of an inmate's

---

[7] Plaintiff speculates that the length of time for the check to clear may be retaliatory.

personal mail, without more, does not rise to the level of a constitutional deprivation." *Fuentes v. State of N.J. Office of Pub. Defs.*, No. CIV.A. 05-3446FLW, 2006 WL 83108, at *5 (D.N.J. Jan. 11, 2006) (citing *Morgan v. Montayne*, 516 F.2d 1367 (2d Cir. 1975)).

Plaintiff fails to allege sufficient facts to show a pattern or practice that his legal mail was not mailed. Instead, he alleges that on one occasion he handed Nunn his mail and does not believe it was mailed. These allegations, standing alone, fail to state a claim for relief under § 1983. The claim will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will be given leave to amend the claim.

### E. Commissary

Plaintiff alleges that he has been denied commissary for several months, apparently because it took some time for a check to clear. There is no constitutional right to purchase from a prison commissary. *See Talbert v. Keefe Group*, No. CV 18-5111, 2018 WL 6435334, at *2 (E.D. Pa. Dec. 7, 2018) (citing *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)). The claim is frivolous and will be dismissed.

### F. Medical/Mental Health Needs

Plaintiff alleges that he is not being treated and/or not receiving the proper medical and mental health treatment. He refers to a 2019 misdiagnosis of schizophrenia and subsequent diagnoses of TBI and PTSD. He names the Medical and Mental Health Departments as Defendants, and does not refer to any particular individual.

To set forth a cognizable medical needs claim, a pretrial detainee must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Natale v. Camden Cty. Correc. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)

9

(pretrial detainee is not entitled to Eighth Amendment protections; pretrial detainee's claim of inadequate medical care is evaluated under the same standard as a convicted prisoner's Eighth Amendment claim of inadequate medical care). Deliberate indifference may lie upon a claim of inadequate medical treatment, and it may also be based upon a claim of delay or complete denial of medical care. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (2017) (citing *United States ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

Plaintiff attempts to raise both claims but does so in a conclusory manner, without factual support and without identifying any particular individual who may have allegedly violated his constitutional rights. Instead, the claim is raised against the Medical and Mental Health Departments, neither of whom are persons as is required to state a claim under 42 U.S.C. § 1983. Therefore, the medical needs claims will be dismissed for failure to state claims upon which relief may be granted. Plaintiff will be given leave to amend the claims.

## V. REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he is housed in the infirmary and has limited legal access, with apparent "blackballing" efforts by the law library. (D.I. 5, 8, 23). Plaintiff refers to requests for criminal research which appear to be related to his pending criminal matter. (D.I. 5). Recent filings indicate that Plaintiff is no longer housed in the infirmary. (D.I. 27). In addition, the filings indicate that Plaintiff is currently allowed one and one-half hours law library access on a weekly basis. (*Id.*).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate under

10

certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

At this juncture, it is not clear whether Plaintiff's claims have merit in fact and law. As discussed above, all the claims will be dismissed. In addition, Plaintiff's main reason for seeking counsel was to obtain legal research. His filings indicate that he is provided law library access. Finally, to date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. Therefore, the Court will deny Plaintiff's requests for counsel without prejudice to renew. (D.I. 5, 8, 23).

## VI. **<u>INJUNCTIVE RELIEF</u>**

Plaintiff has filed two motions for injunctive relief. (D.I. 7, 24). The first motion seeks an order for his continued housing in the infirmary. (D.I. 7). The second motion seeks an order to preclude his transfer to the James T. Vaughn correctional Center or a transfer out of state. (D.I. 24). Plaintiff explains that he observed an "abuse of power" in October 2019 and had

something to say to an officer about the incident. (D.I. 7). Plaintiff overheard an officer indicate he was preparing paperwork on the matter and that Plaintiff would fare better "out of state." (D.I. 24). Plaintiff considers this statement retaliatory. (Id.). In his January 27, 2020 motion for injunctive relief he states that he was informed security was in the process of changing his housing assignment to a "more confined/unsafe area of the prison." (D.I. 7). Plaintiff states that he has characteristics of TBI and PTSD that is not being medically treated and a history of self-harm. (*Id.*). As discussed above, Plaintiff is no longer housed in the infirmary.

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc*., 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238,

12

245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Moreover, the custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225.

The record does not demonstrate Plaintiff's likelihood of success on the merits. Plaintiff provides no support for his motion, and he does not allege injury. Nor is there any indication that, at the present time, he is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the motions will be denied. (D.I. 7, 24).

## VII. MOTION TO STAY

Plaintiff requests a stay of this matter based upon his limited law library access while housed in the infirmary. (D.I. 9, 22, 27). He now indicates that he is no longer housed in the infirmary and he is provided law library access, albeit not to his satisfaction. Regardless, there is no reason to stay this matter. The motions will be denied. (D.I. 9, 22, 27).

## VIII. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's requests for counsel (D.I. 5, 8, 23) without prejudice to renew; (2) deny Plaintiff's motions for injunctive relief (D.I. 7, 24); (3) deny Plaintiff's motions to stay the proceedings (D.I. 9, 22, 27); (4) deny as moot Plaintiff's motion for leave to file an amended complaint (D.I. 16); and (5) dismiss the operative pleading (D.I. 1, 6, 10, 11, 16) as frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to amend the sexual harassment, retaliation, legal mail, and medical/mental health claims.

An appropriate Order will be entered.

13