IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALACHI BRITTINGHAM, | ) |
| Plaintiff. | ) ) ) |
| v. | ) C.A. No. 20-014 (MN) |
| CPL. NUNN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

At Wilmington, this 24th day of July 2020, having considered Plaintiff's motion for injunctive relief (D.I. 32), amendment to the motion (D.I. 34), and letter/motion to visit the law library (D.I. 35);

IT IS HEREBY ORDERED THAT the motions (D.I. 32, 34, 35) are DENIED, for the reasons that follow:

1.     **Introduction**.  Plaintiff Malachi Brittingham("Plaintiff"), a pretrial detainee[1] at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 1).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 15, 25).  On May 12, 2020, the Court dismissed the operative pleading and gave Plaintiff leave to file an amended complaint.  (D.I. 29).  On July 6, 2020, the Court gave Plaintiff an extension of time until on or before August 12, 2020 to file an amended complaint. (D.I. 31).  To date, there is no operative pleading.

2.     **Motion for Injunctive Relief**.  The motion, filed July 9, 2020, seeks injunctive relief for Lyme's disease treatment.  (D.I. 32).  The motion will be denied.  The issue of Lyme's

---

[1]     It appears that when Plaintiff commenced this action he was a pretrial detainee; not a sentenced inmate.  *See Brittingham v. Akinbayo*, C.A. No. 20-190-MN (D. Del. 2020).

disease and/or its treatment has not before been raised by Plaintiff.  A party pursuing injunctive relief is confined to arguing the merits of his or her complaint.  *See*, *e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("to obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from the claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").  Because Plaintiff's original complaint did not include a medical needs claim regarding treatment for Lyme's disease and the instant motion contains assertions different from those in the complaint, the motion will be denied.

3.     **Amended Document**.  On July 15, 2020, Plaintiff filed an "amendment petition for injunctive relief: mental health Dept." (D.I. 34).  The motion will be denied.  Plaintiff seeks an order to be "medically treated for characteristics of traumatic brain injury and PTSD." (*Id*. at 4).  These medical issues were raised in the now dismissed original complaint.

4.     A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*,

176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

5. The Court has reviewed the amendment. While it provides a chronology of events, it does not indicate that Plaintiff has submitted sick call requests for medical treatment. Nor does it assert irreparable harm. Finally, as discussed above, there is no operative pleading, and therefore, the Court finds the filing premature.

6. **Law Library Access**. On July 6, 2020, the Court granted Plaintiff's motion for an extension of time to file an amended complaint. (D.I. 31). Plaintiff had also requested an order to conduct research at the HRYCI law library. Law library access was not addressed, and Plaintiff now asks the Court to address the issue in a letter responding to the Order. (D.I. 35). Plaintiff asks the Court to enter an Order that he be allowed to "participate with counsel" with physical law library access five times a week, for a minimum of one hour per day.

7. Persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal

3

papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *Howard v. Snyder*, 389 F. Supp. 2d 589, 593 (D. Del. 2005).

8.  All that is required is that Plaintiff at least have access to a prison paralegal or paging system by which to obtain legal materials. *Abdul-Akbar v. Watson*, 4 F.3d 195, 203 (3d Cir. 1993) (holding that segregated prisoners who do not have access to an institution's main law library must have some means by which documents and materials can be identified by and furnished to them in a timely fashion). Here, Plaintiff does not indicate that he is denied law library access. Rather, his access is limited. Indeed, his filings indicate that the prison law library is providing him assistance. (*See* D.I. 30). Plaintiff's letter does not warrant action by the court.

9.  **Combined Filings**. Plaintiff is placed on notice that future filings that seek relief for two distinct cases in one filing will be docketed and not considered. Plaintiff references C.A. No. 20-190-MN, a habeas corpus petition, and C.A. No. 20-014-MN, a civil rights case, in the same filing. While Plaintiff is a party in both cases, they arise under different statutes and seek different relief. In the future, Plaintiff shall file separate motions for each case.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

4